**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **TOMMY JOE KELLEY** | § | |
| **(Travis Co. #1101687)** | § | |
| | § | |
| **V.** | § | **A-11-CA-247-SS** |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| **TRAVIS COUNTY COUNTY** | § | |
| **ATTORNEYS OFFICE, and** | § | |
| **AUSTIN POLICE DEPARTMENT** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE SAM SPARKS
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint.  Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County Correctional Center.  Plaintiff complains he has been arrested at least five or six times in the past two years.  Plaintiff complains every time he asks for a trial, the Travis County Attorney's Office moves to dismiss the case.  Plaintiff asserts he argues with the trial court that he has a right to trial, because Austin police officers arrest people falsely and put them in jail.  Plaintiff contends

he has a right to a trial if he is charged with a crime.  When the cases against Plaintiff are dismissed,

he argues this violates his right to trial.

Plaintiff also complains the Travis County Attorney's Office fails to file charges against

police officers, who falsely arrest and detain someone.  Plaintiff argues the police officers feel they

have a right to arrest anyone, because the prosecutor and the trial judge will cover for them.  Plaintiff

contends this constitutes a conspiracy and corruption.

Plaintiff sues the State of Texas, the Travis County Attorney's Office, and the Austin Police

Department.  He does not specify the relief he seeks.

DISCUSSION AND ANALYSIS

A.      Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e)

if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief

may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal

for frivolousness or maliciousness may occur at any time, before or after service of process and

before or after the defendant's answer.  Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as

liberally as possible.  Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972).  However, the

petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no

license to harass others, clog the judicial machinery with meritless litigation and abuse already

overloaded court dockets."  Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

Plaintiff's complaint is frivolous as explained below.

B.      Eleventh Amendment Immunity

The State of Texas is immune from suit.  The Eleventh Amendment generally divests federal

courts of jurisdiction to entertain suits directed against states.  Port Auth. Trans-Hudson v. Feeney,

495 U.S. 299, 304, 110 S. Ct. 1868, 1871 (1990).  Plaintiff's complaint is no exception.

C.      Austin Police Department

The Austin Police Department is not a legal entity capable of being sued.  See Guidry v.

Jefferson County Detention Center, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the

Jefferson County Detention Center is not a legal entity subject to suit); Darby v. Pasadena Police

Dep't, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental

subdivisions without capacity for independent legal action).

D.      Travis County Attorney's Office

Plaintiff faults the Travis County Attorney's Office for dismissing various criminal charges

brought against him and for failing to charge police officers with false arrest.  Plaintiff contends there

is a conspiracy among the attorneys and judges to cover up for the police officers.

Plaintiff incorrectly argues he has an absolute right to trial if charges are filed against him.

Although Plaintiff has a right to have the charges resolved, he does not have an absolute right to trial

if the charges are dismissed.  Plaintiff also does not have a right to have an individual criminal

prosecuted.  Oliver v. Collins, 914 F.2d 56 (5th Cir. 1990).

In addition, to establish a conspiracy claim under section 1983, Plaintiff has to show an actual

violation of section 1983 and an agreement by the defendants to commit an illegal act.  Hale v.

Townley, 45 F.3d 914, 920 (5th Cir. 1995); Arsenaux v. Roberts, 726 F.2d 1022, 1024 (5th Cir.

1982). "Mere conclusory allegations of conspiracy cannot, absent reference to material facts, state

3

a substantial claim of federal conspiracy under 42 U.S.C.A. § 1983." Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986) (internal quotation marks omitted).

In this case, Plaintiff does not allege facts tending to show that the Travis County Attorney's Office and the trial judges entered into an agreement to deprive him of his constitutional rights. Instead, Plaintiff makes conclusory allegations that there is a conspiracy to cover up false arrests made by police officers.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct

time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 1st day of April, 2011.


_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE